## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| INTERFOR SALES & MARKETING, LTD; and INTERFOR CORPORATION,<br><br>    Plaintiffs,<br><br>        v.<br><br>THE UNITED STATES; UNITED STATES CUSTOMS AND BORDER PROTECTION; PETE R. FLORES in his official capacity as THE ACTING COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  **Public Version**<br>)<br>)  **Court No. 25-00105**<br>)<br>)  **Confidential Business Propriety**<br>)  **Information Deleted From Page 1,**<br>)  **and Exhibits A, B, F-O**<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>COMPLAINT</u>

Plaintiffs, Interfor Sales & Marketing Ltd. ("<u>ISM</u>") and Interfor Corporation ("<u>Interfor</u>", and together with ISM, "<u>Plaintiffs</u>"), through counsel, by way of this Complaint against Defendants, the United States, United States Customs and Border Protection ("<u>CBP</u>" or "<u>Customs</u>") and Pete R. Flores, in his official capacity as the Acting Commissioner of U.S. Customs and Border Protection (the "<u>Commissioner</u>," and together with the United States and CBP, the "<u>Defendants</u>"), hereby respectfully state and allege as follows:

### NATURE OF THE ACTION

1.      This action concerns CBP's erroneous decision to deny ISM's request to reinstate the suspension status of the ███ entries of softwood lumber (the "<u>Subject Entries</u>"). *See* **Exhibit A**. The Subject Entries represent certain entries of softwood lumber produced by Interfor mills in Canada and imported by ISM, which are subject to the antidumping ("<u>AD</u>") and countervailing duty ("<u>CVD</u>") orders on *Certain Softwood Lumber Products from Canada*, Case Nos. A-122-857 and C-122-858 administered by the U.S.

Department of Commerce ("Commerce"). *Certain Softwood Lumber Products from Canada: Antidumping Duty Order and Partial Amended Final Determination*, 83 Fed. Reg. 350 (Dep't Commerce January 3, 2018); *Certain Softwood Lumber Products from Canada: Amended Final Countervailing Duty Determination and Countervailing Duty Order*, 83 Fed. Reg. 347 (Dep't Com. January 3, 2018) (collectively, "Orders"). Per Commerce's instructions to CBP, the Subject Entries are subject to suspension of liquidation pending final resolution of the proceedings relating to Commerce's first administrative reviews of the Orders ("AR1")[1] and subsequent reviews by binational panels constituted under the United States-Mexico-Canada Agreement ("USMCA").

2.    Under 19 U.S.C. § 1675(a)(2), suspension of liquidation applies to entries of subject merchandise covered by an administrative review of AD/CVD orders. Pursuant to the commencement of its administrative review of softwood lumber exports, Commerce issued instructions to CBP to suspend entries of subject merchandise entered during AR1, including entries for subject merchandise that was produced and/or exported by ISM and Interfor.

3.    Commerce's suspension of liquidation instructions covered ISM's entries because an administrative review of the producer of the merchandise – Interfor– was requested and Interfor was subsequently identified by Commerce as a producer and/or exporter subject to the administrative review. As Commerce's final results in the AR1 AD/CVD administrative reviews were appealed under the USMCA, Commerce issued additional instructions to CBP continuing suspension of liquidation of entries of softwood lumber covered by AR1, including those entries of subject merchandise produced and/or exported by Interfor, pending the outcome of the USMCA binational panel reviews. Thus, Commerce's suspension of liquidation

---

[1] *See* Commerce Message Nos. 7118311 (CVD) (April 28, 2017) and 7184309 (AD) (July 3, 2017) (suspending liquidation following preliminary affirmative determinations); *see also* Commerce Message Nos. 8004301 (CVD) and 8004302 (AD) (January 4, 2018) (continuing the suspension of liquidation following the issuance of the Orders).

instructions continued uninterrupted and remains in effect. The statute requires liquidation in accord with the final results of the administrative reviews. 19 U.S.C. § 1516a(c)(1); *United States v. Great Am. Ins. Co.*, 791 F.Supp.2d 1337, 1351-52 (Ct. Int'l Trade 2011).

4.    Despite the Subject Entries being covered by Commerce's suspension of liquidation instructions, and unbeknownst to ISM, CBP claims that the Subject Entries were "liquidated."[2] These purported liquidations are contradicted by CBP's own ITRAC database reports provided to Interfor and ISM on May 6, 2020, and on December 1, 2021, neither of which showed the Subject Entries as being liquidated nor included any reference to the purported liquidation dates in September 2019 and August 2020.

5.    Upon information and belief, despite having a legal obligation to do so under 19 C.F.R § 159.9, CBP never posted the purported liquidations on the CBP Online Liquidation Bulletin. *See Fraserview Remanufacturing v. United States*, 678 F.Supp.3d 1371 (Ct. Int'l Trade 2024).

6.    On October 7, 2024, when ISM learned for the first time of the purported liquidations of the Subject Entries, ISM requested oral and written clarification from CBP as to why the Subject Entries had been incorrectly and unlawfully designated as liquidated in CBP's Automated Commercial Environment ("ACE") and requested reinstatement of the suspension status of the Subject Entries. However, CBP refused to reinstate the suspension status of the Subject Entries, stating that it "ha[d] no further actions available at this time."

7.    Upon information and belief, CBP indeed had further actions available to it at that time, including reinstating the suspension status of the Subject Entries.

8.    On April 4, 2025, ISM timely filed a protest urging CBP to, once again, reinstate suspension status of the Subject Entries. *See* **Exhibit B**.

---

[2] "Liquidation" is the formal administrative act by which CBP completes its review of an import entry, makes a final determination of classification, valuation, and applicable duty rate, and fixes the definitive amount of duties, taxes, and fees owed.

9.      CBP failed to act on ISM's protest within 30 days of the request for accelerated disposition, and therefore the protest was deemed denied by operation of law pursuant to 19 U.S.C. § 1515(b).

10.     CBP's refusal to reinstate the suspension status of the Subject Entries was an erroneous decision that violates 19 U.S.C. § 1675(a)(2), 19 C.F.R § 159.9, and Commerce's explicit instructions to CBP.

11.     Plaintiffs request that the Court reinstate the suspension status of the Subject Entries.

**PARTIES**

12.     Plaintiff Interfor, a Canadian corporation, is a forest products company that operates sawmills in Canada and in the United States that produce softwood lumber and other products.

13.     Plaintiff ISM, a Canadian corporation, is wholly owned by Interfor. ISM was the exporter and the U.S. importer of record and reseller for entries of softwood lumber produced by Interfor's mills in Canada and sold in the United States, including the Subject Entries.

14.     Defendant United States is the Federal Defendant.

15.     Defendant CBP, an agency of the Department of Homeland Security, performs ministerial functions pursuant to Commerce's AD/CVD calculations and instructions. These functions include properly implementing Commerce's instructions, including suspending and liquidating entries subject to AD/CVD orders. CBP is also the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

16.     Defendant Pete R. Flores is the Acting Commissioner of CBP and is sued in his professional capacity only.

## JURISDICTION

17.     Plaintiff brings this action pursuant to 19 U.S.C. §§ 1514(a) and 1515, as a challenge to CBP's deemed denial of the Protest.

18.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a), which grants the Court exclusive jurisdiction over any civil action commenced to contest the denial of a protest under section 515 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1515.

19.     In the alternative, subject matter jurisdiction exists under 28 U.S.C. § 1581(i), which confers exclusive jurisdiction to the Court over "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for . . . tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue" and "administration and enforcement with respect to the matters referred to in subparagraphs (A) through (C) of this paragraph and subsections (a)-(h) of this section." *See* 28 U.S.C. § 1581(i)(1)(B), (D).

## STANDING

20.     Title 5, Section 702 of the U.S. Code provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute is entitled to judicial review thereof." Title 28 U.S.C. § 2631(i) states that "[a]ny civil action of which the Court of International Trade has jurisdiction . . . may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of Section 702 of title 5."

21.     ISM, as the importer of record that filed the Protest for the Subject Entries under 19. U.S.C. § 1514, and Interfor, as the manufacturer of the merchandise in question and the parent company of ISM, are adversely affected by the actions of CBP in treating the Subject Entries as liquidated, as such designation deprives ISM of the benefits of any final duty rates that Commerce may calculate and may apply in future liquidation instructions.

22.    Accordingly, ISM and Interfor have standing to commence this action under 28 U.S.C. § 2631(a).

## TIMELINESS OF THIS ACTION

23.    Pursuant to 29 U.S.C. § 2636(a), a plaintiff must commence a civil action under Section 515 of the Tariff Act of 1930 within 180 days after the mailing of notice of denial of a protest or 180 days after the denial of a protest by operation of law.

24.    Plaintiffs' concurrent filing of the Summons and Complaint within 180 days of the denial of the protest by operation of law, which occurred on May 4, 2025, is timely.

25.    Pursuant to 28 U.S.C. § 2636(i), a plaintiff must commence an action under 28 U.S.C. § 1581(i) "within two years after the cause of action first accrues." "A claim accrues when 'the aggrieved party reasonably should have known about the existence of the claim.'" *Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 978 (Fed. Cir. 1994) (quoting *St. Paul Fire & Marine Ins. Co. v. United States*, 959 F.2d 960, 964 (Fed. Cir. 1992)).

26.    Alternatively, Plaintiffs' claims under Section 2636(i) accrued on December 11, 2024, the date on which CBP denied reinstating the Subject Entries to suspension status.

27.    Accordingly, the Summons and Complaint are timely filed.

## FACTUAL ALLEGATIONS

### I.    Importer of Record

28.    Interfor is a forest products company that operates sawmills in Canada and in the United States and produces softwood lumber and other products.

29.    ISM is Interfor's wholly owned trading company, marketing and selling softwood lumber products produced by Interfor's mills to the U.S., Canada, and other markets.

30.    ISM was the exporter and the U.S. importer of record and reseller for entries of softwood lumber produced by Interfor at its Canadian sawmills and sold in the United States, including the Subject Entries.

II.     **Background on the Softwood Lumber AD/CVD Orders**

31.     On January 3, 2018, Commerce published the AD/CVD Orders on softwood lumber from Canada. Accordingly, ISM entered all imports of softwood lumber produced by Interfor as type 03 entries, under AD Case Number A-122-857-000 and CVD Case Number C-122-858-000 and paid the applicable AD and CVD cash deposits at the "All Others" rates in effect at the time of entry. Commerce instructed CBP to continue suspension of liquidation and collection of AD/CVD cash deposits at the rates calculated in the Orders. *See* Commerce Message Nos. 8004301 (CVD) and 8004302 (AD) (January 4, 2018).

32.     The statute, 19 U.S.C. § 1675, provides for annual administrative reviews of AD/CVD orders, during which Commerce calculates period specific AD/CVD rates. The Subject Entries were part of AR1, which covered goods entered between April 28, 2017, to December 31, 2018, for the CVD review, and between June 30, 2017, to December 31, 2018, for the AD review.

33.     On January 25, 2019, Interfor submitted requests for an administrative review of the AD/CVD Orders with respect to softwood lumber produced by Interfor and exported during the AR1 period of review. On February 28, 2019, the U.S. domestic industry (*i.e.*, the petitioner in the underlying investigation at Commerce) also requested administrative reviews of the AD/CVD Orders with respect to numerous exporters and producers, including Interfor.

34.     On April 1, 2019, Commerce initiated the AR1 AD and CVD reviews, for the exporters/producers for which a review was requested. *See Certain Softwood Lumber Products from Canada: Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 84 Fed. Reg., 12,209 (Dep't Com. April 4, 2019). Interfor was listed in the initiation notice as one of the companies for which the administrative reviews were initiated. *Id*.

35.     Commerce issued instructions to CBP to continue suspension of liquidation of entries of subject merchandise entered during the time period April 28, 2017, to December 31,

2018 (CVD) and June 30, 2017, to December 31, 2019 (AD) that were produced and/or exported by Interfor. *See* Commerce Message No. 9114305 (April 24, 2019);[3] Commerce Message No. 9113306 (April 23, 2019).[4]

36.    Per Commerce's Reseller Policy, where Commerce conducts an administrative review of the producer of merchandise exported by a reseller, the reseller's entries of merchandise from that producer remain suspended, preventing automatic liquidation during the producer's administrative review. *See Antidumping and Countervailing Duty Proceedings: Assessment of Antidumping Duties,* 68 Fed. Reg. 23,954 (Dep't Com., May 6, 2003).

### III.    Commerce's AD/CVD Review and Instructions to CBP

37.    On November 30, 2020, Commerce published notice of the final results of the AD AR1 review. *See Certain Softwood Lumber Products from Canada: Final Results of Antidumping Duty Administrative Review; 2017-2018*, 85 Fed. Reg. 76,519 (Dep't Com. November 30, 2020). Commerce determined an "All Others" AD duty rate of 1.57% on imports of certain softwood lumber for exporters or producers not-selected as mandatory respondents, which includes Interfor. Commerce also instructed CBP in message 0343402 to apply the new cash deposit rates and to continue to suspend liquidation until specific liquidation instructions are issued. *See* Commerce Message No. 0343402 (December 8, 2020).

38.    On December 1, 2020, Commerce published the final results of its CVD administrative review of softwood lumber from Canada for the period of review from April 28,

---

[3] Commerce instructed CBP in message no. 9114305, with respect to the AD order A-122-857, to continue suspension of liquidation for all entries of softwood lumber produced and/or exported by the firms listed in paragraph 3 that entered during the period of June 30, 2017, through December 31, 2018. "Interfor Corporation" and "Interfor" were listed in paragraph 3. Commerce Message No. 9114305 (April 24, 2019).

[4] Commerce instructed CBP in message no. 911330, with respect to the CVD order C-122-858, to continue suspension of liquidation for all entries of softwood lumber produced and/or exported by the firms listed in paragraph 3 that entered during the period of June 30, 2017, through December 31, 2018. "Interfor Corporation" and "Interfor" were listed in paragraph 3. Commerce Message No. 9113306 (April 23, 2019).

2017, through December 31, 2018. *See Certain Softwood Lumber Products from Canada: Final Results of the Countervailing Duty Administrative Review; 2017-2018*, 85 Fed. Reg. 77,163 (Dep't Com. December 1, 2020). Commerce also instructed CBP in message 0336411 to apply the new cash deposit rates and to continue to suspend liquidation until specific liquidation instructions are issued. *See* Commerce Message No. 0336411 (December 1, 2020). Commerce determined a CVD duty rate of 7.26% (2017) and 7.42% (2018) on imports of certain softwood lumber for exporters or producers not-selected as mandatory respondents, which includes Interfor. *See id*.

39.    On December 22, 2020, and December 10, 2020, the final results of the AD and CVD AR1 reviews were appealed to USMCA binational panels. *See Antidumping Duty Administrative Review Final Result of Certain Softwood Lumber Products from Canada,* USA-CDA-2020-10.12-02; Request for Panel (December 22, 2020); *Final Affirmative Countervailing Duty Administrative Review of Certain Softwood Lumber Products from Canada,* USA-CDA-2020-10.12-01; Request for Panel (December 10, 2020).

40.    On January 4, 2021, Interfor's counsel requested that Commerce continue the suspension of liquidation of all entries manufactured, produced, exported or imported by Interfor subject to Commerce's December 1, 2020, final results in the CVD AR1 review, pending the final disposition of the USMCA panel review of the AR1 results. *See* **Exhibit C**.

41.    On January 26, 2021, Interfor's counsel requested that Commerce continue the suspension of liquidation of all entries manufactured, produced, exported or imported by Interfor subject to Commerce's November 30, 2020, final results in the AD AR1 review, pending the final disposition of the USMCA panel review of the AR1 results. *See* **Exhibit D**.

42.    On January 25, 2021, Commerce issued injunction-type instructions to CBP in message no. 10525402, with respect to the AD order A-122-857, to not liquidate entries of subject merchandise made during AR1 by multiple companies, including merchandise

Produced and/or Exported by: Interfor Corporation, Case number: A-122-857-118. *See* Commerce Message No. 10525402 (January 25, 2021). On February 4, 2021, in message no. 1035404, Commerce issued a correction to message 10525402. In relevant part, Commerce explained that no case numbers were in place during the period of review for a list of companies, including Interfor. Commerce also stated that "[a]lthough case numbers were recently set up on 11/30/2020 (the publication of the final results), we did not list them below. Entries may have been made under A-122-857-000 or other company-specific numbers during the period." *See* Memorandum from T. Martin, Sr. Int. Trade Compliance Analyst, to All Interested Parties, Re: *First Administrative Review, Certain Softwood Lumber Products from Canada, 2017-2018,* Draft Customs Instructions (February 4, 2020) at 1.

43.     On February 2, 2021, Commerce issued injunction-type instructions to CBP in message no. 1033410, with respect to the CVD order C-122-858, to not liquidate entries of subject merchandise made during AR1 by multiple companies, including Producer and/or Exporter: Interfor Corporation, Case number: C-122-858-126. *See* Commerce Message No. 1033410 (February 2, 2021). The messages to CBP also noted that "[n]o case number was in place" during the review period for multiple companies, including Interfor, and that entries may have been made under C-122-858-000 or other company-specific case numbers. Importers with entries of softwood lumber subject to the AD/CVD AR1 continue to have their entries suspended pending the outcome of the USMCA binational panel review.

## IV.    ISM Entries Are Subject to Commerce's AD/CVD Orders

44.     As noted above, pursuant to Commerce's initiation of AR1, Commerce instructed CBP to suspend entries of subject merchandise entered during AR1.

45.     Although ISM was not separately listed in Commerce's instructions, ISM's entries were nevertheless covered by the instructions because an administrative review of the

producer of the merchandise – Interfor– was requested and Interfor was subsequently listed in all the above-referenced messages as a producer and/or exporter subject to the review.

46.    ISM entered all of the Subject Entries as type 03 entries, under AD Case No. A-122-857-000 and CVD Case No. C-122-858-000, and paid the applicable AD and CVD cash deposits at the "All Others" rates in effect at the time of entry. At the time, there were no individual AD/CVD case numbers set up, and the case numbers with the "000" suffix were the only case numbers available at the time for companies covered by Commerce's instructions, including Interfor.

**V.    CBP's Erroneous Actions**

47.    The majority of these entries were purportedly liquidated by CBP on September 27, 2019, and some were purportedly liquidated on August 7, 2020, notwithstanding instructions from Commerce to suspend liquidation of the entries pending final resolution of AD and CVD administrative reviews and subsequent reviews by binational panels constituted under the USMCA.

48.    Upon information and belief, despite the purported liquidations, CBP never posted the required notice of liquidation on CBP's Online Liquidation Bulletin.

49.    CBP's failure to post the required notice of liquidation on CBP's Online Liquidation Bulletin is at the center of this dispute. According to the Court in *Fraserview Remanufacturing Inc. v. United States*, 678 F.Supp.3d 1371 (2024), publication of liquidation on the bulletin is the legal action necessary to cause liquidation to occur. Without such notice, any steps by CBP to purportedly liquidate the suspended Subject Entries is null and void and the purported liquidation is without effect.

50.    Plaintiffs have repeatedly attempted to verify whether CBP posted the required notice to CBP's Online Liquidation Bulletin, but CBP has been unwilling or unable to provide

sufficient information to show that notice was in fact posted to CBP's Online Liquidation Bulletin.

51.    There is a history of malfunctions and errors with CBP's use of automation, programming, and technical data as frequently reported through Cargo Service Messaging System ("CSMS") notices.

52.    In particular, in 2019, users attempting to access CBP's Official Notice of Liquidation, Suspensions and Extension Bulletin and ACE frequently encountered 404 Errors; notices of delays; notices of maintenance; and lack of functionality. *See* **Exhibit E**.

53.    Despite the purported liquidations, on May 6, 2020, CBP provided an ITRAC Access database report to ISM covering imports from April 1, 2015, to March 31, 2020 ("May 2020 ITRAC Database"). This data, however, did not show any liquidation dates for the Subject Entries in the fields of the ITRAC report where the liquidation dates would be referenced if liquidation of the entries had occurred. *See* **Exhibit F**.

54.    On December 1, 2021, CBP provided a new ITRAC Access database report to ISM that covered the period between January 1, 2016, and September 30, 2021, which similarly showed that liquidation had not occurred for the Subject Entries in the designated fields of the ITRAC report ("December 2021 ITRAC Database"). *See* **Exhibit G**.

55.    On October 7, 2024, ISM discovered for the first time that an ACE report listed September 27, 2019, as the purported liquidation date for the majority of the Subject Entries, and August 20, 2020, as the purported liquidation date for the remainder of the Subject Entries. These purported liquidation dates were not reported in the May 2020 ITRAC and December 2021 ITRAC databases.

56.    On November 18, 2024, Plaintiffs sent a letter to the Director of the Industrial & Manufacturing Material Center of Excellence and Expertise ("IMM Center") requesting confirmation on the suspension of liquidation status of the Subject Entries, and citing to Entries

30043238129, 30036088581, 30031557556, and 30031617160 as representative of the Subject Entries ("Representative Subject Entries"). *See* **Exhibit H**.

57.     On November 21, 2024, the IMM Center responded by email, informing that the Representative Subject Entries had been purportedly "liquidated," and that no further action could be taken. *See* **Exhibit I**.

58.     On December 5, 2024, ISM followed up with a letter to the IMM Center requesting that CBP (1) confirm the suspension of the Representative Subject Entries; (2) provide evidence of any notice of the purported liquidation of these entries on the CBP Online Liquidation Bulletin that would have been available on http://www.cbp.gov for approximately 15 months from the purported liquidation date, as required by 19 C.F.R. § 159.9; and (3) unset the purported liquidation of these Representative Subject Entries in ACE to properly reflect the fact that the entries are still suspended and legally unliquidated. *See* **Exhibit J**.

59.     On December 11, 2024, the IMM Center responded by email informing that "it appears that CBP properly liquidated the entries" and that "CBP ha[d] no further actions available at [that] time." In its response, CBP did not provide any evidence of the posting of the purported liquidation on the CBP Online Liquidation Bulletin and, instead, suggested that a meeting between ISM and CBP could be scheduled to discuss further. *See* **Exhibit K**.

60.     On January 13, 2025, a virtual meeting was held with the IMM Center and the CBP Trade Transformation Office ("TTO"). During this meeting, CBP informed ISM that the ACE ES-702 report was the record of the purported liquidation from the CBP Online Liquidation Bulletin. However, CBP declined to provide technical logs, reports, or any other information to substantiate the required public posting of the purported liquidation notices on the CBP Online Liquidation Bulletin.

61.     Between January 17, 2025, and February 6, 2025, subsequent requests to the IMM Center and TTO for clarification on technical logs and activity logs were met with CBP's

inability to provide such information. This is despite the fact that 19 C.F.R. § 159.9 does not provide any indication that the evidence of notice of liquidation could be provided through an ACE report alone. *See* 19 C.F.R. § 159.9 ("Notice of liquidation of formal entries will be provided on CBP's public website . . ..").

62.    On March 4, 2025, ISM submitted a FOIA request, CBP-FO-2025-077364, ("First FOIA Request") seeking evidence of the purported liquidations of the Subject Entries. *See* **Exhibit L**.

63.    On March 6, 2025, CBP responded to Plaintiffs' First FOIA Request. CBP indicated that it does not have any screenshots, source tables, databases, activity logs, technical logs, user interface records, programming script, metadata, stored electronic data, or similar information to evidence the posting on the CBP Online Liquidation Bulletin. *See* **Exhibit M**.

64.    On March 18, 2025, Plaintiffs submitted a second request under CBP-FO-2025-0867304 ("Second FOIA Request") seeking:

> [A]ny and all electronic data, records, documentation, and similar information that are sufficient to explain CBP's process, internal controls, computer edits, safeguards, and similar procedures for posting an entry's notice of liquidation on the CBP Online Liquidation Bulletin, and how the liquidation information from this posting is communicated to the ES-702 report and the liquidation field from the ITRAC databases, for the time periods applicable to Entry 30047749189 and Entry 30035953694, and for the time periods between January 1, 2019 through the present.

**Exhibit N**.

65.    On April 4, 2025, Plaintiffs timely filed a protest (the "Protest") with CBP challenging CBP's actions that purportedly liquidated the Subject Entries and its decision to deny Plaintiffs' requests to reinstate their suspension in accordance with Commerce's instructions and law.

66.    Plaintiffs also requested accelerated disposition of the Protest pursuant to 19 C.F.R. § 174.22.

67.    On May 1, 2025, CBP responded to Plaintiffs' Second FOIA Request, stating, "[it had] conducted a comprehensive search of files within the CBP databases for records that would be responsive to your request. Unfortunately, we were unable to locate or identify any responsive records, based upon the information you provided in your request." **Exhibit O**.

68.    CBP failed to act on the Protest within 30 days of the request for accelerated disposition, and therefore the Protest is deemed denied by operation of law pursuant to 19 U.S.C. § 1515(b).

<u>**COUNT I**</u>
**(Declaratory Judgment)**

69.    Plaintiffs hereby repeat and re-allege paragraphs 1 through 68 set forth above as is fully set forth herein.

70.    Plaintiffs seek declaratory relief pursuant to 28 U.S.C. § 2201(a), 28 U.S.C. § 2643(c)(1), and Rule 57 of the Rules of the U.S. Court of International Trade.  All conditions precedent for filing this action have occurred.

71.     Plaintiffs have exhausted all administrative remedies available and have a right to commence this action in this Court pursuant to 28 U.S.C. § 2636(a) or (i).

72.    There exists an actual controversy between Plaintiffs and CBP, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

73.    CBP did not liquidate the Subject Entries. Instead, CBP unlawfully and erroneously designated Plaintiffs' entries as "liquidated" and unilaterally levied an unlawful charge or exaction upon Plaintiffs by not returning the entries to its suspension status.

74.    In order to liquidate entries, the entries must not be subject to a Commerce order to suspend liquidation and, even when the suspension is lifted, CBP must post notice of the liquidation on CBP's Online Liquidation Bulletin.

75.    The statute requires liquidation in accordance with the final results of an administrative review. 19 U.S.C. § 1516a(c)(1). CBP has a duty to effectuate liquidation of entries subject to AD/CVD orders only in conformity with instructions issued by Commerce.

76.    CBP's action in purportedly liquidating merchandise suspended from liquidation pursuant to ongoing administrative reviews was beyond the scope of its statutory authority. Thus, the purported liquidation of the Subject Entries is null and void.

77.    Plaintiffs contend that CBP's purported liquidation of the Subject Entries was unlawful and invalid for several reasons, including:

   a. The Subject Entries were correctly suspended from liquidation pursuant to Commerce's instructions and regulations, and CBP misapplied Commerce's instructions to purportedly liquidate the Subject Entries.

   b. The Subject Entries were subject to an ongoing administrative review, a binational panel review under USMCA, and Commerce instructions to suspend liquidation.

   c. Commerce never instructed CBP to lift the suspension of liquidation of the Subject Entries.

   d. At Plaintiffs' request, CBP has provided no evidence that the notice of the purported liquidation of the Subject Entries was legally posted on the CBP Online Liquidation Bulletin, as required by 19 C.F.R. § 159.9, and CBP's reliance on the ACE ES-702 report as historical evidence of liquidation is erroneous and insufficient.

   e. CBP asserted, in response to Plaintiffs' First FOIA Request, that there is no evidence that the Subject Entries were legally posted on the CBP Online Liquidation Bulletin.

   f. In response to Plaintiffs' Second FOIA Request, CBP could not even provide evidence of its process relating to ITRAC databases.

   g. The purported liquidation of the Subject Entries was contrary to the statutory and regulatory scheme governing the assessment of AD/CVD duties, and deprived Plaintiffs of the opportunity to obtain a refund of the duties paid at the time of entry.

78.    Plaintiffs request that this Court declare that the purported liquidation of the Subject Entries is null and void, and order Defendants to reinstate the Subject Entries' proper suspension status in CBP's systems, pending the final resolution of the AD/CVD proceedings.

By engaging in unauthorized liquidations over which it had no discretion, CBP deprived Plaintiffs of their right to receive the final AD/CVD duty rates as may be calculated by Commerce, thereby affecting Plaintiffs' legal rights within the meaning of 5 U.S.C. § 702 and 28 U.S.C. § 2631(i).

## COUNT II
### (Violation of Due Process)

79.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 78 as if fully set forth herein.

80.    Pursuant to the Due Process Clause of the Fifth Amendment to the U.S. Constitution, Plaintiffs have a property interest in the recovery of the AD/CVD duties paid at the time of entry, and a right to notice and an opportunity to be heard before being deprived of that interest.

81.    CBP's purported liquidation of the Subject Entries without proper notice and without following Commerce's instructions violated Plaintiffs' due process rights.

82.    CBP's refusal to reinstate the suspension status of the Subject Entries and to correct the erroneous liquidation in ACE, despite Plaintiffs' requests and evidence, also violated Plaintiffs' due process rights.

83.    Plaintiffs suffered prejudice and injury as a result of CBP's actions, as it was deprived of the opportunity to obtain a refund of the duties paid at the time of entry, and to challenge the final duty rates determined by Commerce and the USMCA binational panel.

84.    Plaintiffs request that this Court declare that CBP's actions violated Plaintiffs' due process rights, and order Defendants to reinstate the suspension status of the Subject Entries and to correct the erroneous liquidation in ACE.

## COUNT III
### (Violation of the Administrative Procedure Act)

85.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 84 as if fully set forth herein.

86.    Pursuant to the Administrative Procedures Act ("the APA"), 5 U.S.C. § 706, this Court may set aside any agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

87.    CBP's purported liquidation of the Subject Entries and denial of Plaintiffs' requests to reinstate their suspension were agency actions subject to judicial review under the APA.

88.    Defendant's actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, for several reasons including:

   a.   CBP failed to follow Commerce's instructions and regulations regarding the suspension and liquidation of the Subject Entries.

   b.   CBP failed to provide proper notice of the purported liquidation of the Subject Entries on the CBP Online Liquidation Bulletin, as required by 19 C.F.R. § 159.9, and relied on an erroneous and insufficient source of evidence, the ACE ES-702 report.

   c.   CBP failed to consider the relevant facts and evidence presented by Plaintiffs and failed to provide a reasoned explanation for its decisions.

   d.   CBP failed to act in accordance with the statutory and regulatory scheme governing the assessment of AD/CVD duties and failed to protect Plaintiffs' interest in the recovery of the duties paid at the time of entry.

89.    Plaintiffs request that this Court declare that Defendants actions violated the APA, and order Defendants to reinstate the suspension of liquidation of the Subject Entries and to correct the erroneous liquidation in ACE.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1.  Declare that CBP's purported liquidation of the Subject Entries is null and void, and order Defendants to reinstate the suspension of liquidation of the Subject Entries pending the final resolution of the AD/CVD proceedings;

2.  Declare that Defendants' actions violated Plaintiffs' due process rights, and order Defendants to reinstate the Subject Entries' proper suspension status in CBP's systems;

3.  Declare that Defendants' actions violated the APA, and order Defendants to reinstate the suspension status of the Subject Entries and to correct the erroneous liquidation in ACE;

4.  Award Plaintiffs costs and reasonable attorney's fees pursuant to 28 U.S.C. § 2412; and

5.  Grant such other and further relief as this Court deems just and proper.

Dated: June 11, 2025

Respectfully submitted,


/s/ Jackson D. Toof
Jackson D. Toof, Esq.
Diana Dimitriuc Quaia
Mario A. Torrico, Esq.
Rebekkah R.N. Stoeckler, Esq.

ARENTFOX SCHIFF LLP
1717 K Street, N.W.
Washington, D.C. 20006
Tel:     (202) 857-6000
Fax:     (202) 857-6395
Email: jackson.toof@afslaw.com
        diana.dimitriuc-quaia@afslaw.com
        mario.torrico@afslaw.com
        rebekkah.stoeckler@afslaw.com

*Counsel for ISM and Interfor Corporation*

**Exhibit List**

| Exhibit Number | Description | Confidential Treatment |
|---|---|---|
| A | List of the Subject Entries | *Confidential* |
| B | ISM Protest and Memorandum in Support | *Confidential* |
| C | Interfor's January 4, 2021 Request to Suspend Liquidation of Entries Subject to CVD Order | *Public* |
| D | Interfor's January 26, 2021 Request to Suspend Liquidation of Entries Subject to AD Order | *Public* |
| E | Examples of the History of Issues with CBP Systems | *Public* |
| F | ITRAC Data Excerpts: April 1, 2015 - March 31, 2020 | *Confidential* |
| G | ITRAC Data Excerpts: January 1, 2016 - September 30, 2021 | *Confidential* |
| H | Interfor's and ISM's November 18, 2024 Letter to IMM | *Confidential* |
| I | CBP's November 21, 2024 Email to ISM's Counsel | *Confidential* |
| J | Interfor's and ISM's December 5, 2024 Letter to CBP | *Confidential* |
| K | CBP's December 11, 2024 Email to ISM's Counsel | *Confidential* |
| L | ISM's First FOIA Request to CBP (March 4, 2025) | *Confidential* |
| M | CBP's Response to ISM's First FOIA Request (March 6, 2025) | *Confidential* |
| N | ISM's Second FOIA Request (March 18, 2025) | *Confidential* |
| O | CBP's Response to ISM's Second FOIA Request (May 1, 2025) | *Confidential* |

# Exhibit A

CONFIDENTIAL

PLACEHOLDER

# Exhibit B

CONFIDENTIAL

PLACEHOLDER

# Exhibit C



**MYLES S. GETLAN**

mgetlan@cassidylevy.com
**Direct** 202 567 2304
**Main** 202 567 2300

January 4, 2021

The Honorable Jeffrey Kessler                          Case No.: C-122-858
Assistant Secretary for Enforcement and Compliance     Total No. of Pages: 5
APO/Dockets Unit, Room 18022
U.S. Department of Commerce                             Administrative Review
14th Street and Constitution Avenue, NW                (04/28/17-12/31/18)
Washington, DC 20230                                    AD/CVD Operations, Office III

                                                        NAFTA Panel Review
                                                        USA-CDA-2020-10.12-01
                                                        Request for Continued
                                                        Suspension of Liquidation

                                                        **PUBLIC DOCUMENT**

**Re:    Certain Softwood Lumber Products from Canada: Panel Review, Interfor
        Corporation Request for Continued Suspension of Liquidation**

Dear Assistant Secretary Kessler:

On behalf of Interfor Corporation, and pursuant to section 516A(g)(5)(C)(i) of the Tariff

Act of 1930, 19 U.S.C. § 1516a(g)(5)(C)(i), we hereby request continued suspension of

liquidation of entries subject to the rates established in the final results of the countervailing duty

administrative review published on December 1, 2020,[1] pending final disposition of the USMCA

panel review of the Department's Final Results.

---

[1] *Certain Softwood Lumber Products from Canada: Final Results of Countervailing Duty
Administrative Review*, C-122-858, 85 Fed. Reg. 77,161 (Dec. 1, 2020) ("Final Results").

**CASSIDY LEVY KENT**

Barcode:4071025-01 C-122-858 REV - Admin Review 4/28/17 - ... PUBLIC DOCUMENT

The Honorable Jeffrey Kessler
January 4, 2021
Page 2

Consistent with 19 U.S.C. § 1516a(g)(5)(C), and using 19 C.F.R. § 356.8 as guidance, we

provide the following information:

(1) The final determination subject to binational panel review is *Certain Softwood Lumber Products from Canada: Final Results of Countervailing Duty Administrative Review*, C-122-858, 85 Fed. Reg. 77,161 (Dec. 1, 2020).

(2) The binational panel proceeding is *In the Matter of: Certain Softwood Lumber Products from Canada*, Secretariat File No. USA-CDA-2020-10.12-01.

(3) The requesting party is Interfor Corporation.

(4) Under 19 U.S.C. § 1516a(g)(5)(C)(i), the Department shall order the continued suspension of liquidation of those entries of merchandise covered by the final determination upon request by an interested party who was a party to the proceeding in connection with which the matter arises and who is a participant in the binational panel review. Interfor Corporation is an interested party under sections 516A(g)(5)(C) and 771(9)(A) of the Tariff Act, 19 U.S.C. 1516a(g)(5)(C) and 1677(9)(A), and, as a party who requested administrative review, was a party to the proceeding before the Department. Interfor Corporation is a participant in the binational panel review and an interested party who filed a notice of appearance in the binational panel review mentioned above on January 4, 2021.

(5) This request for continued suspension of liquidation covers all entries manufactured, produced, exported or imported by Interfor Corporation subject to the countervailing duty rate established in the final countervailing duty results published on December 1, 2020, which are under review by the binational panel.

Please do not hesitate to contact the undersigned should you have any questions

regarding this submission.

Respectfully submitted,

/s/ Myles S. Getlan

Myles S. Getlan
**CASSIDY LEVY KENT (USA) LLP**
*On Behalf of Interfor Corporation*

Barcode:4071035-01 C-122-858 REV - Admin Review 4/28/17 - 12/31/18

## PUBLIC CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2021, a copy of the foregoing submission is being served, via email and/or first-class mail, upon the following parties:

Vidya Desai
Acting United States Secretary
USMCA Secretariat,
U.S. Section, Room 2061
1401 Constitution Avenue N.W.
Washington, D.C. 20230
TradeAgreementsSecretariat@trade.gov

Robert Heilferty
Office of the Chief Counsel for Trade
Enforcement and Compliance
International Trade Administration
U.S. Department of Commerce
1401 Constitution Ave., NW
Washington, DC 20230
Robert.Heilferty@trade.gov

Lisa W. Wang, Esq.
Picard Kentz & Rowe LLP
1750 K Street, NW
Washington, DC 20006
lwang@pkrllp.com
trade@pkrllp.com

Julie C. Mendoza, Esq.
Morris, Manning & Martin, LLP
1401 I Street, NW
Suite 600
Washington, DC 20005
tradeservice@mmmlaw.com

Sean Clark
Canada Secretary
CUSMA Secretariat
Canadian Section (TCT)
111 Sussex Drive, 5th Floor
Ottowa, ON Canada K1A 0G2
canada@can-mex-usa-sec.org

General Counsel
U.S. Department of Commerce
Mail Stop 5875 HCHB
14th and Constitution Avenue, NW
Washington DC 20230
GeneralCounsel@doc.gov

Michele Sherman Davenport, Esq.
Davenport & James PLLC
1101 30th Street, NW, Suite 500
Washington, DC 20007
msdavenport@djtradelaw.com

H. Deen Kaplan, Esq.
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC 20004
deen.kaplan@hoganlovells.com
lumber@hoganlovells.com

Amy Jenkins Lentz, Esq.
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
alentz@steptoe.com
steptoelumber@steptoe.com

Spencer S. Griffith, Esq.
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, DC 20006
sgriffith@akingump.com
lumber@akingump.com

Thomas M. Beline, Esq.
Cassidy Levy Kent (USA) LLP
900 19th Street, NW
Suite 400
Washington, DC 20006
tbeline@cassidylevy.com
records@cassidylevy.com

Elliot J. Feldman, Esq.
Baker Hostetler LLP
1050 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036-5304
efeldman@bakerlaw.com
trade@bakerlaw.com

Stephan Becker, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, NW
Washington, DC 20036-3006
stephan.becker@pillsburylaw.com
lumberfilings@pillsburylaw.com

Stephanie Hartmann, Esq.
Wilmer Cutler Pickering Hale and
Dorr LLP
1875 Pennsylvania Ave, NW
Washington, DC 20006
stephanie.hartmann@wilmerhale.com

Donald Harrison, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., NW
Washington, DC 20036
dharrison@gibsondunn.com
lumber@gibsondunn.com

Kristen Mowry, Esq.
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015
khm@mowrygrimson.com
trade@mowrygrimson.com

Michael T. Shor, Esq.
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, DC 20001
michael.shor@apks.com
xapks.lumber@akps.com

Richard Weiner, Esq.
Sidley Austin LLP
1501 K Street, NW
Washington, DC 20005
rweiner@sidley.com

Matthew J. Clark, Esq.
Arent Fox LLP
1717 K Street, NW
Washington, DC 20006-5344
matthew.clark@arentfox.com
lumber@arentfox.com

Walter J. Spak, Esq.
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
wspak@whitecase.com
apotrade@whitecase.com

Jennifer Chiu
Embassy of Canada
501 Pennsylvania Ave, NW
Washington, DC 20001-2111
jennifer.chiu@international.gc.ca

Heather Jacobson, Esq.
Junker & Nakachi, P.C.
999 Third Avenue
Suite 2525
Seattle, WA 98104
hjacobson@tradelawcounsel.com

Matthew Kronby, Esq.
Borden Ladner Gervais LLP
Bay Adelaide Centre
East Tower
22 Adelaide Street West
Toronto, Ontario Canada  M5H4E3
mkronby@blg.com

Kevin Lynch
Bennett Jones LLP
3200, 10020-100 Street
Edmonton, Alberta
Canada T5J0N3
lynchk@bennetjones.com

William C. Sjoberg, Esq.
Clark Hill PLC
1001 Pennsylvania Ave., NW
Suite 1300 South
Washington, DC 20004
wsjoberg@clarkhill.com

Kristen Smith
Sandler, Travis & Rosenberg, P.A.
1300 Pennsylvania Avenue, NW
Suite 400
Washington, DC  20004-3002
ksmith@strtrade.com

Joanne Osendarp, Esq.
McDermott Will & Emery
500 N. Capitol Street, NW
Washington, DC 20001-1531
josendarp@mwe.com

  /s/ Mary Clark Logan     
     Mary Clark Logan
     *International Trade Specialist*
     **CASSIDY LEVY KENT (USA) LLP**

# Exhibit D



MYLES S. GETLAN

mgetlan@cassidylevy.com
**Direct** 202 567 2304
**Main** 202 567 2300

January 26, 2021

The Honorable Christian Marsh
Principal Deputy Assistant Secretary
Assistant Secretary for Enforcement and Compliance
APO/Dockets Unit, Room 18022
U.S. Department of Commerce
14ᵗʰ Street and Constitution Avenue, NW
Washington, DC 20230

Case No.: A-122-857
Total No. of Pages: 5

Administrative Review
(06/30/17-12/31/18)
E&C Office IV

NAFTA Panel Review
USA-CDA-2020-10.12-02
Request for Continued
Suspension of Liquidation

**PUBLIC DOCUMENT**

**Re:    Certain Softwood Lumber Products from Canada: Panel Review, Interfor
Corporation Request for Continued Suspension of Liquidation**

Dear Principal Deputy Assistant Secretary Marsh:

On behalf of Interfor Corporation, and pursuant to section 516A(g)(5)(C)(i) of the Tariff

Act of 1930, 19 U.S.C. § 1516a(g)(5)(C)(i), we hereby request continued suspension of

liquidation of entries subject to the rates established in the final results of the antidumping duty

administrative review published on November 30, 2020,[1] pending final disposition of the

USMCA panel review of the Department's Final Results.

---

[1] *Certain Softwood Lumber Products from Canada: Final Results of Antidumping Duty
Administrative Review; 2017-2018,* A-122-857, 85 Fed. Reg. 76,519 (Nov. 30, 2020) ("Final
Results").

**CASSIDY LEVY KENT**

The Honorable Christian
Marsh January 26, 2021
Page 2

**PUBLIC DOCUMENT**

Consistent with 19 U.S.C. § 1516a(g)(5)(C), and using 19 C.F.R. § 356.8 as guidance, we

provide the following information:

(1) The final determination subject to binational panel review is *Certain Softwood
Lumber Products from Canada: Final Results of Antidumping Duty Administrative
Review; 2017-2018,* A-122-857, 85 Fed. Reg. 76,519 (Nov. 30, 2020).

(2) The binational panel proceeding is *In the Matter of: Certain Softwood Lumber
Products from Canada: Final Results of the Antidumping Duty Administrative
Review; 2017-2018*, Secretariat File No. USA-CDA-2020-10.12-02.

(3) The requesting party is Interfor Corporation.

(4) Under 19 U.S.C. § 1516a(g)(5)(C)(i), the Department shall order the continued
suspension of liquidation of those entries of merchandise covered by the final
determination upon request by an interested party who was a party to the proceeding
in connection with which the matter arises and who is a participant in the binational
panel review.  Interfor Corporation is an interested party under sections
516A(g)(5)(C) and 771(9)(A) of the Tariff Act, 19 U.S.C. 1516a(g)(5)(C) and
1677(9)(A), and, as a party who requested administrative review, was a party to the
proceeding before the Department.  Interfor Corporation is a participant in the
binational panel review and an interested party who filed a notice of appearance in the
binational panel review mentioned above on January 25, 2021.

(5) This request for continued suspension of liquidation covers all entries manufactured,
produced, exported or imported by Interfor Corporation subject to the countervailing
duty rate established in the final antidumping duty results published on November 30,
2020, which are under review by the binational panel.

Please do not hesitate to contact the undersigned should you have any questions

regarding this submission.

Respectfully submitted,

/s/ Myles S. Getlan

Myles S. Getlan
**CASSIDY LEVY KENT (USA) LLP**
*On Behalf of Interfor Corporation*

## PUBLIC CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2021, a copy of the foregoing submission is being served, via email and/or first-class mail, upon the following parties:

Vidya Desai
Acting United States Secretary
USMCA Secretariat,
U.S. Section, Room 2061
1401 Constitution Avenue N.W.
Washington, D.C. 20230
TradeAgreementsSecretariat@trade.gov

Robert Heilferty
Office of the Chief Counsel for Trade
Enforcement and Compliance
International Trade Administration
U.S. Department of Commerce
1401 Constitution Ave., NW
Washington, DC 20230
Robert.Heilferty@trade.gov

Lisa W. Wang, Esq.
Picard Kentz & Rowe LLP
1750 K Street, NW, Suite 800
Washington, DC 20006
lwang@pkrllp.com
trade@pkrllp.com

Donald B. Cameron, Esq.
Morris, Manning & Martin, LLP
1401 I Street, NW
Suite 600
Washington, DC 20005
tradeservice@mmmlaw.com
dcameron@mmmlaw.com

Shana Hofstetter, Esq.
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, DC 20006
shofstetter@akingump.com
lumber@akingump.com

Sean Clark
Canada Secretary
CUSMA Secretariat
Canadian Section (TCT)
111 Sussex Drive, 5th Floor
Ottowa, ON Canada K1A 0G2
canada@can-mex-usa-sec.org

General Counsel
U.S. Department of Commerce
Mail Stop 5875 HCHB
14th and Constitution Avenue, NW
Washington DC 20230
GeneralCounsel@doc.gov

H. Deen Kaplan, Esq.
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC 20004
deen.kaplan@hoganlovells.com
lumber@hoganlovells.com

Amy Jenkins Lentz, Esq.
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
alentz@steptoe.com
steptoelumber@steptoe.com

Kristen Mowry, Esq.
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015
khm@mowrygrimson.com
trade@mowrygrimson.com

Myles Getlan, Esq.
Cassidy Levy Kent (USA) LLP
900 19th Street, NW
Suite 400
Washington, DC 20006
mgetlan@cassidylevy.com
records@cassidylevy.com

Stephanie Hartmann, Esq.
Wilmer Cutler Pickering Hale and
Dorr LLP
1875 Pennsylvania Ave, NW
Washington, DC 20006
stephanie.hartmann@wilmerhale.com

Donald Harrison, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., NW
Washington, DC 20036
dharrison@gibsondunn.com
lumber@gibsondunn.com

Heather Jacobson, Esq.
Junker & Nakachi, P.C.
999 Third Avenue
Suite 2525
Seattle, WA 98104
hjacobson@tradelawcounsel.com

Jess Anzo
Sapphire Lumber Company
548 Tammany Lane
Hamilton, MT  59840
jess@sapphirelumber.com

Chris Dirks
25 Trottier Bay
Winnipeg, Manitoba
Canada R3T 3R3
cdirks@burrowslumber.com

Guy Roy
69, 4e Rue Ouest
St-Martin, QC
Canada G0M 1B0
guy.roy@pfindustries.net

Michael T. Shor, Esq.
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, DC 20001
michael.shor@apks.com
xapks.lumber@akps.com

Richard Weiner, Esq.
Sidley Austin LLP
1501 K Street, NW
Washington, DC 20005
rweiner@sidley.com

Matthew J. Clark, Esq.
Arent Fox LLP
1717 K Street, NW
Washington, DC 20006-5344
matthew.clark@arentfox.com
lumber@arentfox.com

Kristen Smith, Esq.
Sandler, Travis & Rosenberg, P.A.
1300 Pennsylvania Avenue, NW
Suite 400
Washington, DC  20004-3002
ksmith@strtrade.com
ADCVD@strtrade.com

Joanne Osendarp, Esq.
McDermott Will & Emery
500 N. Capitol Street, NW
Washington, DC 20001-1531
josendarp@mwe.com

Al Peters
River City Remanufacturing Inc.
1460 Dublin Ave.
Winnipeg, MB Canada R3E3S1
apeters@rivercityreman.com

Elliot J. Feldman, Esq.
Baker & Hostetler LLP
1050 Connecticut Ave., NW
Suite 1100                                          /s/ Gillian Rice
Washington, DC 20036-5304                    Gillian Rice
efeldman@bakerlaw.com                        *International Trade Specialist*
                                                 **CASSIDY LEVY KENT (USA) LLP**

# Exhibit E

**EXHIBIT E - EXAMPLES OF THE HISTORY OF ISSUES WITH CBP SYSTEMS**

- **April 16, 2019**: CSMS #19-000192 – UPDATE: Issue accessing Official Notice of Liquidation, Suspensions and Extension Bulletin

- **April 19, 2019**: CSMS #19-000209 – RESOLVED: Issue accessing Official Notice of Liquidation, Suspensions, Extensions Bulletin:
  "*The issue with users trying to reach the Official Notice of Liquidation, Suspensions and Extensions Bulletin from the www.cbp.gov web site has been RESOLVED. Users were encountering an "Error 404 – Not Found" upon clicking on the Bulletin image.*"

- **April 30, 2019**: CSMS #19-000223 – Transition of Importer Trade Activity (ITRAC) Data to ACE Reports – Information Notice:
  "*U.S. Customs and Border Protection (CBP) has commenced the first phase of the transition of ITRAC data to ACE reports. A new information notice is available with details and frequently asked questions. Please see the updated Information Notice at the link below.*"

- **September 5, 2019**: CSMS #39671320 – Retiring the Old Liquidation Bulletin URL:
  "*As of Friday, September 6, 2019, Liquidation Bulletin will only be accessible using https://aceservices.cbp.dhs.gov/LBNotice. The link https://bulletin-notice.cbp.dhs.gov/LBNotice is being decommissioned and will no longer be available. All links to the Liquidation Bulletin via CBP.gov have been updated to reflect the appropriate URL.*"

- **September 23, 2019**: CSMS #39930859 – Intermittent Delays in ACE Entry Summary Responses:
  "*CBP is aware of intermittent delays in ACE Entry Summary responses. This issue is being investigated, and further notification will be provided when the issue is resolved.*"

- **September 24, 2019**: CSMS #39951218 – ACE CERTIFICATION Scheduled Maintenance Wednesday and Thursday evenings 9/25 and 9/26 @ 1700 ET:
  "*There will be ACE CERTIFICATION Maintenance scheduled this Wednesday evening, September 25, 2019, from 1700 ET to 2000 ET and Thursday evening, September 26, 2019, from 1700 ET to 2100 ET for CBP ACE Infrastructure maintenance.*"

- **September 26, 2019**: (1) CSMS #39981444 – GUIDANCE: Ninth Round of Products Excluded from Section 301 Duties (Tranche 3) and Application of Duties for Certain Set Provisions in Tranche 3 and Tranche 4 Annex A; (2) CSMS #39985407 – GUIDANCE: Tenth Round of Products Excluded from Section 301 Duties:
  "*[…] The functionality for the acceptance of the tenth round of products of China excluded from Section 301 duties will be available in the Automated Commercial Environment (ACE) as of September 29, 2019. […]*"

- **September 27, 2019**: (1) CSMS #40001360 – CORRECTED: Eleventh Round of Products Excluded from Section 301 Duties (Tranche 2); (2) CSMS #40002982 – CORRECTED GUIDANCE: Tenth Round of Products Excluded from Section 301 Duties; (3) CSMS #40003027 – CORRECTED: Ninth Round of Products Excluded from Section 301 Duties (Tranche 3) and Application of Duties for Certain Set Provisions in Tranche 3 and Tranche 4 Annex A:
  "*[…] The functionality for the acceptance of the […] round of products of China excluded from Section 301 duties will be available in the Automated Commercial Environment (ACE) as of September 29, 2019. […]*"

**EXHIBIT E - EXAMPLES OF THE HISTORY OF ISSUES WITH CBP SYSTEMS**

- **September 27, 2019**: CSMS #40000181 – ACE PRODUCTION EXTENDED: Scheduled Maintenance this weekend, Sat. Sep 28, 2019@ 2100 ET to 0400 ET Sun. Sep 29:

  "*The ACE PRODUCTION Maintenance scheduled for Saturday evening, September 28, 2019, will start one hour early from 2100 ET to 0400 ET Sunday, September 29, 2019 for CBP ACE Infrastructure maintenance and the following ACE Deployment[…].*"

- **September 29, 2019**:
  - CSMS #40022907 – Intermittent ACE issues:

    "*CBP is aware that ACE is experiencing sporadic issues and requires an outage to the ACE portal and Manifest EDI processing. Another CSMS will be issued once the issue is resolved.*"
  - CSMS #40024695 – Intermittent ACE issues:

    "*CBP is aware of ongoing intermittent issues with ACE. ACE Portal and EDI processing is currently down for maintenance and CBP technical team is working on resolving the issues. Another CSMS will be issued once the issue is resolved.*"
  - CSMS #40025241 – ACE operational:

    "*ACE is now operational.*"

- **October 1, 2019**: CSMS #40050815 – REMINDER: AD/CVD Redesign Deployment Date Set for October 5, 2019:

  "*This is a reminder that on October 5, 2019, U.S. Customs and Border Protection (CBP) will deploy the AD/CVD redesign in the Automated Commercial Environment (ACE). […]*"

# Exhibit F

CONFIDENTIAL

PLACEHOLDER

# Exhibit G

CONFIDENTIAL

PLACEHOLDER

# Exhibit H

CONFIDENTIAL

PLACEHOLDER

# Exhibit I

CONFIDENTIAL

PLACEHOLDER

# Exhibit J

CONFIDENTIAL

PLACEHOLDER

# Exhibit K

CONFIDENTIAL

PLACEHOLDER

# Exhibit L

CONFIDENTIAL

PLACEHOLDER

# Exhibit M

CONFIDENTIAL

PLACEHOLDER

# Exhibit N

CONFIDENTIAL

PLACEHOLDER

# Exhibit O

CONFIDENTIAL

PLACEHOLDER