UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, JUDGE

———————————————————————————

|  |  |  |
|---|---|---|
| INTERFOR SALES & MARKETING, LTD; and INTERFOR CORPORATION, | : | |
| | : | |
| Plaintiffs, | : | Court No. 25-00105 |
| | : | |
| v. | : | |
| | : | |
| THE UNITED STATES; UNITED STATES CUSTOMS AND BORDER PROTECTION; PETE R. FLORES in his official capacity as THE ACTING COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION | : | |
| | : | |
| Defendants. | : | |

———————————————————————————

## [PROPOSED] ORDER

Upon reading defendants' motion to dismiss the amended complaint, plaintiffs' response thereto; and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that defendants' motion be, and hereby is granted, and it is further

**ORDERED** that this action is dismissed with prejudice.

_____
TIMOTHY C. STANCEU, JUDGE

Dated: _____, 2026
         New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, JUDGE

| | |
|---|---|
| INTERFOR SALES & MARKETING, LTD; and INTERFOR CORPORATION, | : |
| Plaintiffs, | : Court No. 25-00105 |
| v. | : |
| THE UNITED STATES; UNITED STATES CUSTOMS AND BORDER PROTECTION; PETE R. FLORES in his official capacity as THE ACTING COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION | : |
| Defendants. | : |

### DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

Pursuant to Rules 12(b)(1) and (6) of the Rules of the United States Court of International Trade, defendants, the United States *et al.*, respectfully request that the Court dismiss this action for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. The reasons for our motion are set forth in the accompanying memorandum of law.

WHEREFORE, defendants respectfully request that an order be entered granting defendants' motion to dismiss the amended complaint, dismissing this action, and granting defendants such other and further relief as can be just and appropriate.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Guy Eddon
GUY EDDON
Senior Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9232 or 9230
*Attorneys for Defendants*

Of Counsel:
Taylor R. Bates
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Dated:  April 17, 2026

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, JUDGE

---

|  |  |  |
|---|---|---|
| INTERFOR SALES & MARKETING, LTD; and INTERFOR CORPORATION, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | Court No. 25-00105 |
| | : | |
| v. | : | |
| | : | |
| THE UNITED STATES; UNITED STATES CUSTOMS AND BORDER PROTECTION; PETE R. FLORES in his official capacity as THE ACTING COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

## DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

AIMEE LEE
Assistant Director

GUY EDDON
Senior Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9232 or 9230
*Attorneys for Defendants*

Of Counsel:
Taylor R. Bates
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

# TABLE OF CONTENTS

**PAGE**

INTRODUCTION ....................................................................................................................1

BACKGROUND AND FACTS .............................................................................................3

    A.  The Entries At Issue.................................................................................................3

    B.  The Protest At Issue ...............................................................................................5

    C.  The Summons and Complaint.................................................................................5

ARGUMENT ...........................................................................................................................5

    I.      Legal Standards.................................................................................................5

         A.  Motion to Dismiss Pursuant To USCIT R. 12(b)(1)................................................5

         B.  Motion to Dismiss Pursuant To USCIT R. 12(b)(6)................................................6

    II.     Plaintiffs' Failure To Satisfy Jurisdictional Prerequisites Precludes This Court From Exercising Jurisdiction Over This Action Pursuant to 28 U.S.C. § 1581(a) .................7

    III.    The Statute And Judicial Precedent Are Clear That This Court May Not Exercise Jurisdiction Pursuant to 28 U.S.C. § 1581(i) To Entertain Challenges To The Liquidation Of Entries ....................................................................................................9

    IV.    In The Alternative, Plaintiffs Fail To State A Claim Upon Which Relief May Be Granted.................................................................................................................11

    V.    Interfor Corporation Lacks Standing .......................................................................12

CONCLUSION.......................................................................................................................14

i

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........................................................................................6, 7

*Acquisition 362, LLC v. United States*,
  59 F.4ᵗʰ 1247 (Fed. Cir. 2023) ...............................................................................8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...........................................................................................6, 7

*Browning v. Clinton*,
  292 F.3d 235 (D.C. Cir. 2002)..................................................................................6

*Carbon Activated Corp. v. United States*,
  6 F. Supp. 3d 1378 (Ct. Int'l Trade 2014)
  *aff'd,* 791 F.3d 1312 (Fed. Cir. 2015) ...........................................................9, 10

*Cemex, S.A. v. United States*,
  384 F.3d 1314 (Fed. Cir. 2004) .............................................................................11

*Chemsol, LLC v. United States*,
  755 F.3d 1345 (Fed. Cir. 2014) ...............................................................................9

*CR Indus. v. United States*,
  10 C.I.T. 561 (1986) .................................................................................................5

*Craft v. United States*,
  218 Ct. Cl. 579, 589 F.2d 1057 (1978).....................................................................6

*Dery v. Wyer*,
  265 F.2d 804 (2d Cir. 1959) .....................................................................................6

*F. Alderete General Contractors, Inc. v. United States*,
  715 F.2d 1476 (Fed. Cir. 1983) ...............................................................................6

*Hill v. Rolleri*,
  615 F.2d 886 (9th Cir. 1980)....................................................................................6

*ITT Semiconductors v. United States*,
  6 C.I.T. 231, 576 F. Supp. 641 (1983)......................................................................9

*JCM, Ltd. v. United States*,
  210 F.3d 1357 (Fed. Cir. 2000) ...............................................................................5

*Juice Farms, Inc. v. United States*,
  68 F.3d 1344 (Fed. Cir. 1995) ...........................................................................8, 10

*Kellogg Brown & Root Servs., Inc. v. United States*,
  728 F.3d 1348 (Fed. Cir. 2013) ......................................................................6

*Omni U.S.A., v. United States*,
  11 C.I.T. 480 (1987),
  *aff'd,* 840 F.2d 91(1988),
  *cert denied,* 488 U.S. 817 (1988)....................................................................8

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.,*
  925 F.3d 1225 (Fed. Cir. 2019) ....................................................................12

*Lexmark International Inc. v. Static Control Components Inc.,*
  572 U.S.118 (2014) .......................................................................................12

*Pentax Corp. v. Robison,*
  125 F.3d 1457 (Fed. Cir. 1997)
  *modified, in part,* 135 F.3d 760 (Fed. Cir. 1998) ...........................................5

*Rack Room Shoes v. United States*,
  718 F.3d 1370 (Fed. Cir. 2013) ......................................................................7

*Rosado v. Wyman,*
  397 U.S. 397, 90 S. Ct. 1207, 25 L. Ed. 2d 442 (1970) ..................................6

*Sandvik Steel Co. v. United States*,
  164 F.3d 597 (Fed. Cir. 1998) ......................................................................10

*St. Paul Mercury Indemnity Co. v. Red Cab Co.*,
  303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938) ........................................6

*Steel Co. v. Citizens For A Better Environment*,
  523 U.S. 83 (1998) ..........................................................................................5

*Sunpreme, Inc. v. United States*,
  892 F.3d 1186 (Fed. Cir. 2018) ......................................................................9

*United Pac. Ins. Co. v. United States*,
  464 F.3d 1325 (Fed. Cir. 2006) ......................................................................6

*United States v. A.N. Deringer, Inc.*,
  593 F.2d 1015 (CCPA 1979)...........................................................................8

*Volkswagen of America, Inc. v. United States*,
  532 F.3d 1365 (Fed. Cir. 2008) ....................................................................11

*Wally Packaging, Inc. v. United States*,
  7 C.I.T. 19, 578 F. Supp. 1408 (1984)............................................................5

ii

*Washington Int'l Ins. Co. v. United States*,
   25 C.I.T. 207, 138 F. Supp. 2d 1314 (2001)...................................................................6

*Wuxi Seamless Oil Pipe Co., Ltd. v. United States*,
   780 F. Supp. 2d 1337 (Ct. Int'l Trade 2011) ................................................................7


**Harmonized Tariff Schedule of The United States**

Chapter 44 ...........................................................................................................................3

**Statutes**

5 U.S.C. § 701 (a)(1)...........................................................................................................11

19 U.S.C. § 1504.................................................................................................................2

19 U.S.C. § 1514.........................................................................................................2, 9, 11

19 U.S.C. § 1514(a) ..................................................................................... *passim*

19 U.S.C. § 1514(a)(5)....................................................................................................10, 11

19 U.S.C. § 1514(c)(3)........................................................................................................8

19 U.S.C. § 1514(c)(3)(A) ................................................................................................10

19 U.S.C. § 1515(b) ...........................................................................................................5

28 U.S.C. § 1581(a) ..................................................................................... *passim*

28 U.S.C. § 1581(i).................................................................................... *passim*

28 U.S.C. § 1581(i)(1) ......................................................................................................9

28 U.S.C. §2631.................................................................................................................12

28 U.S.C. §2631(a) ...........................................................................................................12

28 U.S.C. § 2636(a) ..........................................................................................................5

28 U.S.C. § 2637(a) ..........................................................................................................5

Section 515 of the Tariff Act of 1930...............................................................................12

**Rules**

U.S.C.I.T. Rule 12(b)(1) ...............................................................................................1, 5

U.S.C.I.T. Rule 12(b)(6) ...............................................................................................1, 6

**Regulations**

19 C.F.R. § 159.11 ............................................................................................................2

19 C.F.R. § 159.9 (2016) ..................................................................................................3

19 C.F.R. § 174.22 ............................................................................................................5

**Other Authorities**

Customs Regulations of 1899, Art. 1416.............................................................................3

Privacy Act of 1974; Dep't of Homeland Security, U.S. Customs & Border Protection,
DHS/CBP-001, Import Information System, System of Records,
81 Fed Reg. 48,826 (Dep't Homeland Security July 26, 2016)...........................................4

*Electronic Notice of Liquidation*,
81 Fed. Reg. 89,375 (U.S. Customs & Border Protection Dec. 12, 2016) ..........................4

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, JUDGE

---

|  |  |  |
|---|---|---|
| INTERFOR SALES & MARKETING, LTD; and INTERFOR CORPORATION, | : | |
| | : | |
| Plaintiffs, | : | Court No. 25-00105 |
| | : | |
| v. | : | |
| | : | |
| THE UNITED STATES; UNITED STATES CUSTOMS AND BORDER PROTECTION; PETE R. FLORES in his official capacity as THE ACTING COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION | : | |
| | : | |
| Defendants. | : | |

---

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMNENDED COMPLAINT

Defendants, United States *et al.* (the Government), submit this memorandum in support of their motion, pursuant to Rules 12(b)(1) and (6) of the Rules of the United States Court of International Trade, to dismiss this action for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted.

### INTRODUCTION

On June 11, 2025, Plaintiffs, Interfor Sales & Marketing, Ltd. (ISM) and Interfor Corporation, filed a summons and complaint purporting to invoke this Court's jurisdiction under both 28 U.S.C § 1581(a) and 28 U.S.C. § 1581(i). An amended complaint was filed on March 24, 2026. The gravamen of plaintiffs' complaint is that U.S. Customs and Border Protection (CBP or Customs) wrongfully denied ISM's protest of April 4, 2025, which asserted that Customs had incorrectly liquidated ISM's entries and asked the agency to "reinstate suspension status of the Subject Entries." Am. Compl. ¶ 8 (ECF No. 46). ISM's protest, Protest

No. 3403-25-100624, challenges CBP's liquidation of entries of softwood lumber from Canada made in 2017 and 2018, at various ports in the state of Washington. Customs liquidated the subject entries on various dates in 2019 and 2020. But ISM filed its protest in 2025, years after the expiration of the 180-day statutory period prescribed by 19 U.S.C. § 1514. Because the protest was untimely, plaintiffs cannot establish the predicate for this Court's jurisdiction under 28 U.S.C. § 1581(a).

Moreover, plaintiffs' action cannot be rescued by reliance on 28 U.S.C. § 1581(i). Plaintiffs are jurisdictionally precluded from seeking relief under section 1581(i) because they were able to seek adequate relief through 28 U.S.C. § 1581(a). ISM's failure to timely avail itself of the remedy designed by Congress for challenging the liquidation of entries cannot be circumvented by bringing suit under section 1581(i). Accordingly, the Court lacks jurisdiction to hear this action. In the alternative, the case should be dismissed for failure to state a claim for which relief can be granted under section 1581(i) because plaintiffs could and should have filed a timely protest under 19 U.S.C. § 1514(a) and thus cannot now claim that section 1581(a) is manifestly inadequate.

Furthermore, the Court should dismiss the claims brought by Interfor Corporation under 28 U.S.C. § 1581(a), because Interfor Corporation is not the protestant or successor-in-interest to the protestant, ISM, and therefore lacks statutory authority to bring its claim.

Finally, plaintiffs' due process and Administrative Procedure Act (APA) claims are entirely unfounded. Plaintiffs were required to file a timely protest prior to filing suit but failed to do so. Plaintiffs cannot now complain that they were denied due process simply because they failed to avail themselves of the administrative process available.

## BACKGROUND AND FACTS

### A.    The Entries At Issue

Plaintiff ISM is the importer of record of the subject entries of softwood lumber from Canada made in 2017 and 2018, at various ports in the state of Washington.  The merchandise was classified at entry under various Chapter 44 subheadings of the Harmonized Tariff Schedule of the United States (HTSUS).  The entries were filed as "Type 03" entries, and liquidation was suspended upon entry because the merchandise was subject to the antidumping (AD) and countervailing duty (CVD) orders on certain softwood lumber products from Canada, pursuant to U.S. Department of Commerce (Commerce) case numbers, A-122-857 and C-122-858, respectively.  Commerce CVD Message 7118311 started suspension of liquidation pursuant to the CVD order on April 28, 2017, for merchandise entered as of January 28, 2017, and Commerce AD Message 7191304 (correction message), started suspension of liquidation pursuant to the AD order on June 30, 2017, for merchandise entered as of April 1, 2017.  *See* Exhibits 1 and 2 (AD/CVD Messages).  At entry, duties were deposited at the applicable "all others" cash deposit rates of 19.88 percent *ad valorem* for the CVD duties and 6.87 percent *ad valorem* for the AD duties.  *Id.*  CBP liquidated the subject entries on various dates in 2019 and 2020 and thereafter posted official notices of said liquidations.  *See* Exhibit 3, Decl. of Daniel Collier ¶¶ 10, 11 (Jan. 9, 2026) (Collier Decl.).

Customs regulations have long provided for official notice of liquidation.  *See* Customs Regulations of 1899, Art. 1416; 19 C.F.R. § 159.9 (2016).  In 1993, Congress established the National Customs Automation Program, which as amended by the SAFE Port Act of 2006, includes a directive for CBP to "transition from paper to electronic format for the submission, issuance, and storage of documents relating to data required to enter cargo into the United

States." *See* Pub. L. 109-347, Oct. 13, 2006, § 405; 19 U.S.C. § 1411(d)(1)(A), (D) (2006).

Consistent with this congressional directive, CBP's system of record for the "collect[ion] and

maint[enance of] records on all commercial goods imported into the United States" is the

Automated Commercial Environment. *Privacy Act of 1974; Dep't of Homeland Security, U.S.*

*Customs & Border Protection, DHS/CBP-001, Import Information System, System of Records*,

81 Fed Reg. 48,826, 48,827 (Dep't Homeland Security July 26, 2016) (Notice).  Effective

January 14, 2017, CBP amended its regulations, and no longer physically posts or mails official

notices of liquidation, suspension of liquidation, and extension of liquidation, but instead

electronically posts official notices available for at least 15 months on www.cbp.gov.  *See*

*Electronic Notice of Liquidation*, 81 Fed. Reg. 89,375, 89,377 (U.S. Customs & Border

Protection Dec. 12, 2016) (final rule); 19 C.F.R. § 159.9 (2016); *see also* Collier Decl. ¶¶ 6,7;

*Official Notice of Extension, Suspension and Liquidation*, U.S. Customs & Border Protection,

https://trade.cbp.dhs.gov/ace/liquidation/LBNotice/ (last accessed Jan. 9, 2026).  To access

official notices of liquidation once they are no longer available on CBP's website, an ACE

account holder can log into ACE and generate an "Official Notice of Extension, Suspension and

Liquidation" Report, also known as an ES-702 Report.[1]  *Electronic Notice of Liquidation*, 81

Fed. Reg. 89, 375, 89,376-77 ("When the information is no longer available on the CBP Web

site . . . ACE account holders may run queries to obtain the historical information[.]"); *see also*

Collier Decl. ¶ 8.

---

[1]  Plaintiffs refer to Importer Trade Activity (ITRAC) reports allegedly containing liquidation information for the entries at issue (Am. Compl. ¶ 4); however, it is the ES-702 Report that provides official information about liquidation as it appears (or appeared) on CBP's website.  *See Electronic Notice of Liquidation*, 81 Fed. Reg. 89,375, 89,376-77; Collier Decl. ¶ 8 (explaining that the information available on CBP's website is replicated to a second data table used to generate ES-702 Reports).

### B.    The Protest At Issue

On April 4, 2025, ISM filed its protest against the liquidation of the entries at issue in this litigation.  Am. Compl. ¶ 8.  ISM's protest requested that CBP reinstate suspension of liquidation of the subject entries.  *Id.*  However, as the protest was filed years after liquidation, it was untimely.  *See* 19 U.S.C. § 1514(c)(3) ("A protest … shall be filed … within 180 days after … date of liquidation or reliquidation.")  ISM requested accelerated disposition of Protest No. 3403-25-100624 pursuant to 19 U.S.C. § 1515(b) and 19 C.F.R. § 174.22.  Am. Compl. ¶ 9.  Because the protest was not decided within thirty days following the date of the mailing of the request for accelerated disposition, the protest was deemed denied on the thirtieth day following the mailing of ISM's request, or May 5, 2025.  19 U.S.C. § 1515(b).

### C.    The Summons and Complaint

On June 11, 2025, Plaintiffs summonsed this action at the U.S. Court of International Trade (CIT) within 180 days of the deemed denial of ISM's protest.  *See* 28 U.S.C. § 2636(a).  Plaintiffs filed their complaint concurrently with the summons.  All liquidated duties, charges, and exactions have been paid prior to the filing of the summons.  *See* 28 U.S.C. § 2637(a).

## ARGUMENT

## I.    LEGAL STANDARDS

### A.    Motion to Dismiss Pursuant To USCIT R. 12(b)(1)

The Court's determination of its subject matter jurisdiction is a threshold inquiry.  *Steel Co. v. Citizens For A Better Environment*, 523 U.S. 83, 94-95 (1998); *CR Indus. v. United States*, 10 C.I.T. 561, 562 (1986) ("It is fundamental that the existence of a jurisdictional predicate is a threshold inquiry in which plaintiff bears the burden of proof.").  Whether to grant a motion to dismiss for lack of jurisdiction is a question of law.  *JCM, Ltd. v. United States*, 210 F.3d 1357, 1359 (Fed. Cir. 2000).  Where jurisdiction is challenged pursuant to Rule 12(b)(1), the burden

rests on the plaintiff to establish the basis for jurisdiction. *Pentax Corp. v. Robison*, 125 F.3d 1457, 1462 (Fed. Cir. 1997), *modified, in part*, 135 F.3d 760 (Fed. Cir. 1998); *see also Wally Packaging, Inc. v. United States*, 7 C.I.T. 19, 20, 578 F. Supp. 1408, 1410 (1984) (noting that "[w]hen the Court's jurisdiction is challenged, the party asserting jurisdiction has the burden of establishing that jurisdiction exists").

"Jurisdiction over Customs' actions is measured at the time the summons is filed." *Washington Int'l Ins. Co. v. United States*, 25 C.I.T. 207, 218, 138 F. Supp. 2d 1314, 1326 (2001). This follows from "the long-standing rule in the Federal courts that jurisdiction is determined at the time the suit is filed and, after vesting, cannot be ousted by subsequent events, including action by the parties." *F. Alderete General Contractors, Inc. v. United States*, 715 F.2d 1476, 1480 (Fed. Cir. 1983) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *Rosado v. Wyman*, 397 U.S. 397, 402 (1970); *Dery v. Wyer*, 265 F.2d 804 (2d Cir. 1959); *Hill v. Rolleri*, 615 F.2d 886 (9th Cir. 1980); *Craft v. United States*, 218 Ct. Cl. 579 (1978), cited in *Washington Int'l*, 25 C.I.T. at 218).

### B.      Motion to Dismiss Pursuant To USCIT R. 12(b)(6)

A motion to dismiss for failure to state a claim is appropriate when a plaintiff's allegations do not entitle it to a remedy. *See United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327 (Fed. Cir. 2006). The motion "tests the legal sufficiency of a complaint," *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002), which must be dismissed if it fails to present a legally cognizable right of action, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"In deciding a motion to dismiss, the court must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant," *Kellogg Brown & Root Servs., Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013), but need not accept legal conclusions contained in the same allegations, *Twombly*, 550 U.S. at 555. "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original); *see also Rack Room Shoes v. United States*, 718 F.3d 1370, 1376 (Fed. Cir. 2013).

Dismissal is required when a complaint fails to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Although courts will primarily consider the allegations in a complaint when considering a motion to dismiss for failure to state a claim, courts may also consider "facts…in documents appended to the complaint or incorporated in the complaint by reference, and [] matters for which judicial notice may be taken." *Wuxi Seamless Oil Pipe Co., Ltd. v. United States*, 780 F. Supp. 2d 1337, 1339 (Ct. Int'l Trade 2011) (quotations and citations omitted).

## II. Plaintiffs' Failure To Satisfy Jurisdictional Prerequisites Precludes This Court From Exercising Jurisdiction Over This Action Pursuant To 28 U.S.C. § 1581(a)

Although plaintiffs claim that this Court possesses jurisdiction under 28 U.S.C. § 1581(a) to hear this matter, Am. Compl. ¶ 18, they failed to timely protest Customs's liquidation of its entries. Plaintiff's failure to satisfy this jurisdictional prerequisite, divests this Court of jurisdiction over this action.

A challenge to Customs's application of liquidation instructions from the United States Department of Commerce (Commerce) may only be brought in this Court pursuant to 28 U.S.C. § 1581(a). In order to bring such a challenge, the party must comply with section 1581(a)'s prerequisites to filing suit, including filing a timely protest pursuant to 19 U.S.C. § 1514(c)(3).

Section 1581(a) provides that this Court "shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part . . . ." 28 U.S.C.

7

§ 1581(a).  Customs decisions subject to protest are identified in 19 U.S.C. § 1514(a), which further states that certain actions by Customs are final and conclusive unless the party seeking to challenge those actions files a protest with Customs or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in this Court.  *See* 19 U.S.C. § 1514(a).  Section 1514(a) provides that parties may protest Customs's decisions with respect to, among other things:

> (5) the **liquidation** or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof, including the liquidation of an entry, pursuant to either section 1500 or section 1504 of this title . . .

19 U.S.C. § 1514(a) (emphasis added).

If a matter is protestable pursuant to section 1514(a), a protest must be filed within 180 days of liquidation or other applicable date.  19 U.S.C. § 1514(c)(3).  An "importer has the burden to check for posted notices of liquidation and to protest timely."  *Omni U.S.A., Inc. v. United States,* 11 C.I.T. 480, 483 (1987) *aff'd*, 840 F.2d 91, *cert. denied*, 488 U.S. 817 (1988).  In this case, ISM's untimely protest was filed years after liquidation.

All of plaintiffs' claims in this action were clearly protestable pursuant to section 1514(a)(5) as a challenge to the liquidation of the entries.  *See Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1346 (Fed. Cir. 1995) ("Section 1514 of title 19 'contemplates that both the legality and correctness of a liquidation be determined, at least initially, via the protest procedure.'") (quoting *United States v. A.N. Deringer, Inc.*, 593 F.2d 1015, 1020 (CCPA 1979)); *Acquisition 362, LLC v. United States*, 59 F.4th 1247, 1253-54 (Fed. Cir. 2023).  However, ISM did not file a protest with Customs until 2025, years after CBP liquidated the entries at issue in 2019 and 2020.  *See* Collier Decl., Attachment 1 (providing liquidation dates); Am. Compl. ¶ 8, Ex. B (providing protest filing date).  Thus, this protest was untimely filed.  *See* 19 U.S.C.

8

§ 1514(c)(3).  Accordingly, plaintiffs cannot invoke this Court's jurisdiction pursuant to 28

U.S.C. § 1581(a).  *See* 28 U.S.C. § 1581(a); *Juice Farms*, 68 F.3d at 1346 (action dismissed for

lack of jurisdiction where protest not filed within 90 days (currently 180 days) of bulletin notice

of liquidation).

**III.    The Statute And Judicial Precedent Are Clear That This Court May Not Exercise Jurisdiction Pursuant To 28 U.S.C. § 1581(i) To Entertain Challenges To The Liquidation Of Entries**

Plaintiffs further allege that this Court has jurisdiction over this action under 28 U.S.C.

§ 1581(i).[2]  Am. Compl. ¶ 19.  It is well-established, however, that section 1581(i) residual

jurisdiction "may not be invoked when jurisdiction under another subsection of § 1581 is or

could have been available, unless the remedy provided under that other subsection would be

manifestly inadequate."  *Sunpreme, Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018);

*see also Chemsol, LLC v. United States*, 755 F.3d 1345, 1354 (Fed. Cir. 2014) ("[W]hen relief is

prospectively and realistically available under another subsection of 1581, invocation of

subsection (i) is incorrect.").  Section 1581(i) cannot be used to create a cause of action where

one does not otherwise exist.  *See ITT Semiconductors v. United States*, 6 C.I.T. 231, 237, 576 F.

Supp. 641 (1983).

As discussed above, ISM had an opportunity to challenge the liquidations of its entries by

timely filing a protest pursuant to 19 U.S.C. § 1514 and, if unhappy with the outcome of such

protest, challenging Customs's protest decision by timely filing suit in this Court under 28

U.S.C. § 1581(a).  ISM's "ability to protest the liquidation pursuant to § 1514 bars resort to

---

[2]  Section 1581(i) provides that the Court possesses jurisdiction to hear "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for -- (A) revenue from imports or tonnage; (B) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue … or (D) administration and enforcement with respect to the matters referred to in paragraphs (A) through (C) of this paragraph and subsections (a)-(h) of this section."  28 U.S.C. § 1581(i)(1).

§ 1581(i)." *Carbon Activated Corp. v. United States*, 791 F.3d 1312, 1317 (Fed. Cir. 2015).

ISM failed to timely avail itself of these statutory remedies. Such failure cannot and does not

confer on plaintiffs the right to invoke this Court's jurisdiction under section 1581(i).

The failure to timely protest liquidation of the relevant entries is not an "extraordinary

circumstance[]," nor does it render the remedy available under CBP's administrative protest

scheme "manifestly inadequate." *Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1346 (Fed.

Cir. 1995) ("a remedy is not inadequate simply because appellant failed to invoke it within the

time frame it prescribes") (internal quotations and citation omitted); *see also Carbon Activated

Corp. v. United States*, 6 F. Supp. 3d 1378, 1380 (Ct. Int'l Trade 2014), *aff'd*, 791 F.3d 1312

(Fed. Cir. 2015) ("Plaintiff had an adequate remedy for its alleged erroneous liquidation, but it

lost that remedy because its protest was untimely, not because the remedy was inadequate.").

Here, pursuant to 19 U.S.C. § 1514(a)(5), ISM could have timely protested CBP's liquidation of

the entries. A protest contesting the liquidation of an entry must be filed within 180 days after

the date of liquidation. 19 U.S.C. § 1514(c)(3)(A). "If a timely protest is not filed, the duty that

Customs has assessed is 'final and conclusive,'… and not subject to judicial challenge." *Sandvik

Steel Co.*, 164 F.3d at 597 (citations omitted). It is undisputed that plaintiffs did not file a protest

until April 4, 2025, which was years after CBP liquidated the entries. Am. Compl. ¶ 8. Because

no timely protest was filed by ISM, CBP's liquidations of the entries became final and

conclusive 180 days following the liquidations.

Had ISM timely protested the liquidation of its entries, the protest would have prevented

liquidation from becoming final. Under that scenario, had CBP denied the protest, ISM could

have then brought a challenge to this Court under 28 U.S.C. § 1581(a). However, plaintiffs may

not "circumvent the timely protest requirement by claiming that [their] own lack of diligence requires equitable relief under 28 U.S.C. § 1581(i)." *Juice Farms, Inc.*, 68 F.3d at 1346.

**IV.    In The Alternative, Plaintiffs Fail To State A Claim Upon Which Relief May Be Granted**

Even if this Court concludes that it possesses subject matter jurisdiction to entertain plaintiffs' claims pursuant to 28 U.S.C. § 1581(i), the amended complaint should be dismissed for failure to state a claim because 19 U.S.C. § 1514(a) precludes any relief.  Plaintiffs' APA claim (Am. Compl. Count III), fails because the APA applies **"**except to the extent that statutes preclude judicial review." 5 U.S.C. § 701(a)(1).  The CIT and the Federal Circuit have held that APA review is precluded under 5 U.S.C. § 701(a)(1) for a decision that is protestable under 19 U.S.C. § 1514.  *See Volkswagen of America, Inc. v. United States*, 532 F.3d 1365, 1374 (Fed. Cir. 2008) (holding that section 1514 precluded judicial review of appellant's Administrative Procedure Act claim); *Cemex, S.A. v. United States*, 384 F.3d 1314, 1324 (Fed. Cir. 2004) ("Customs' admittedly erroneous decision to liquidate falls within the ambit of section 1514(a)(5), which shields such decisions from challenge, without regard for their legality.").

Furthermore, 19 U.S.C. § 1514(a) includes a list of matters that may be challenged through a Customs protest, including an allegedly improper liquidation. 19 U.S.C. § 1514(a)(5). Section 1514(a) provides that, aside from certain exceptions not relevant in this case, any "decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to" a protestable matter "shall be **final and conclusive** upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade . . . ." 19 U.S.C. § 1514(a) (emphasis added).  ISM did

11

not file a timely protest.  Therefore, the liquidation of its entries is final and conclusive, judicial review of plaintiffs' APA claims is precluded by section 1514, and no relief can be granted.

## V.    Interfor Corporation Lacks Standing

In addition to the reasons set forth above, Interfor Corporation cannot bring a claim because it is not a party statutorily authorized to do so.  Plaintiffs allege that ISM and Interfor Corporation "have standing to commence this action under 28 U.S.C. § 2631(a)."[3]  Am. Compl. ¶ 22.  ISM is "the importer of record that filed the Protest for the Subject Entries under 19 U.S.C. § 1514" and Interfor Corporation is "the manufacturer of the merchandise in question and the parent company of ISM[.]"  *Id.* ¶ 21.  28 U.S.C. § 2631 sets forth the classes of plaintiffs authorized to commence actions at the Court under 28 U.S.C. § 1581.  In particular, 28 U.S.C. § 2631(a) provides that "[a] civil action contesting the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930 may be commenced in the Court of International Trade by the person who filed the protest pursuant to section 514 of such Act, or by a surety on the transaction which is the subject of the protest."  Interfor Corporation is neither the protestant nor the surety on this transaction, *see* Am. Compl. ¶ 21; therefore, it is not a party authorized by statute to challenge the denial of the protest at issue in this action and dismissal of any claims it brings under 28 U.S.C. § 1581(a) is proper.

---

[3]  Whether a party is statutorily authorized to commence an action has been referred to as "statutory" or "prudential" standing and has occasionally been "treated [as] effectively jurisdictional." *Lexmark*, 572 U.S. at 127-128, 128 nn.3-4.  However, In *Lexmark*, the Supreme Court explained that whether a party is statutorily authorized to commence an action is a question of whether the party has a cause of action under the statute, which "does not implicate subject-matter jurisdiction," characterizing "statutory standing" as "misleading" and "prudential standing" as "a misnomer." *Id*.  The Court of Appeals for the Federal Circuit has since held that questions of statutory standing are not jurisdictional. *Lone Star Silicon innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019).

\*        \*        \*

Because ISM failed to timely protest the liquidation of its entries, this Court now lacks jurisdiction under 28 U.S.C. § 1581(a) to entertain plaintiffs' claims.  Nor can plaintiffs circumvent these jurisdictional prerequisites to a suit pursuant to 28 U.S.C. § 1581(a) by asserting jurisdiction pursuant to 28 U.S.C. § 1581(i).  In the alternative, plaintiffs' amended complaint should be dismissed for failure to state a claim because the liquidation of ISM's entries is final and conclusive, and judicial review of the claim is precluded by 19 U.S.C. § 1514(a).  Finally, Interfor Corporation lacks standing in this suit and must therefore be dismissed as a plaintiff.

## **CONCLUSION**

For the reasons explained above, the amended complaint should be dismissed with prejudice.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Guy Eddon
GUY EDDON
Senior Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9232 or 9230
*Attorneys for Defendant*

Of Counsel:
Taylor R. Bates
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Dated:  April 17, 2026

14

## **CERTIFICATE OF COMPLIANCE**

I, Guy Eddon, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's memorandum in support of defendants' motion to dismiss the amended complaint, dated April 17, 2026, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 3,945 words.

/s/ Guy Eddon